# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

TRINA K. CHANEZ,

     Plaintiff,

     v.                                                 Civ. No. 18-291 KG/GJF

MEGAN J. BRENNAN, Postmaster
General, and the UNITED STATES,

     Defendants.

## INITIAL SCHEDULING ORDER

The above-captioned cause has been assigned to this Court for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **November 28, 2018**, to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 180 days. The parties will cooperate in preparing a "Joint Status Report and Provisional Discovery Plan" ("JSR"), which follows the sample JSR available at the Court's website.[1] The blanks for suggested/proposed dates are to be filled in by the parties. Actual dates will be promulgated by order of the court shortly after entry of the JSR. Plaintiff is ordered to file the JSR by **December 5, 2018**.

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

---

[1] Please visit the Court's web site at www.nmcourt.fed.us to download the standardized "Joint Status Report and Provisional Discovery Plan" form.

A Rule 16 scheduling conference will be conducted by telephone on **December 12, 2018, at 2:30 PM**.  Parties shall call Judge Fouratt's "Meet Me" line[2] at **(505) 348-2695** to be connected to the proceedings.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28 U.S.C. § 636(c).  **Counsel should also be prepared to discuss whether either Defendant is required to answer Counts V and VI of the Amended Complaint [*see* ECF No. 17] and whether, when, and how Plaintiff intends to challenge the United States Attorney's certification relating to course and scope of employment of Heath Hodges.**  Client attendance is not required.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[2] For the convenience of the parties, the Court will conduct many hearings and conferences by telephone.  The Court's teleconference line has a limited number of external connections.  Therefore, by default, each side may use a maximum of two telephone lines from which to call in.  If unanimous, the parties may agree to a different division.  If a side wishes to have more people participate than they have available connections, they may have persons share one telephone via a speakerphone or set up a separate teleconference that they then connect to the Court's line.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).